IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| REVEREND WESLEY CARROLL, | Case No. 4:11CV00022 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| DEPARTMENT OF THE ARMY | |
| Defendant. | By: Jackson L. Kiser<br>Senior United States District Judge |

Before me is Defendant's Motion to Dismiss (ECF No. 23) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, proceeding pro se, filed his Response Brief (ECF No. 34) and Defendant declined to file a Reply. This matter is ripe for review. For the reasons contained herein, Defendant's Motion to Dismiss is hereby **GRANTED**. Plaintiff has filed numerous other motions—some duplicative of those previously ruled upon and others accusing defense counsel of malfeasance—which are hereby **DISMISSED AS MOOT**.[1]

I. Procedural History

Plaintiff filed his Complaint on June 8, 2011, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff's Complaint is largely duplicative of an action Plaintiff previously filed in the Eastern District of Virginia, *Carroll v. Dep't of the Army*, 1:08CV01200-CMH/TCB ("*Carroll I*"). Indeed, Plaintiff appears to have used the exact document from his EDVA case, except that he altered certain titles and dates. In *Carroll I*, the Court conditionally filed Plaintiff's Complaint but directed him to cure certain deficiencies; Plaintiff failed to comply and the Court dismissed the case for Plaintiff's failure to prosecute. *Carroll I*, Dkt. No. 7. In the present matter, Defendant filed its Motion to Dismiss on July 22, 2011, and Plaintiff filed his Response on August 8, 2011.

---

[1] Plaintiff has also issued one or more subpoenas in this matter. Any such subpoenas are likewise dismissed as moot.

II.  Standard of Review

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  When considering a Rule 12(b)(6) motion, the Court must take all of the Plaintiff's assertions of fact as true, but need not give weight to the Plaintiff's conclusions of law.  *Id.* at 192 (noting that the court must accept Plaintiff's assertions of fact as true); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the court need not accept legal conclusions).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citing references and quotation marks omitted).  In his Complaint, the Plaintiff must make an adequate showing of his entitlement to relief because, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of proving not only fair notice of the nature of the claim, but also grounds on which the claim rests."  *Id.* at 555 n.3 (internal citing references and quotation marks omitted).  While the Court will not parse the Complaint, the pleading rules obligate the Plaintiff to allege facts sufficient to state all the elements of his claim.  *Braden v. Wal-Mart Store, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting that the court will not parse the pleading); *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (holding that a plaintiff must meet his pleading burden for each of the elements comprising a cause of action); *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (same); *Hefferman v. Bass*, 467 F.3d 596, 599-600 (7th Cir. 2006) (observing that Rule 12(b)(6) does not stand alone, but implicates Rules 8 and 9).

When a plaintiff is proceeding pro se, as in this case, the Court is "obligated to construe it liberally to assert any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988) (internal citing references omitted). While the Court should give more leeway to a pro se plaintiff, those proceeding without counsel must still supply adequate facts to support their claim. *Cox v. City of Charleston*, 416 F.3d 281, 288 (4th Cir. 2005) (courts should give some leeway to pro se litigants); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (same); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (pro se litigants must still allege enough facts to state a claim). While pro se plaintiffs are afforded a little more leeway, the Court cannot act as counsel for them. *Gordon*, 574 F.2d at 1151; *Rutledge v. Town of Chatham*, No. 4:10-cv-35, 2010 WL 4791840, at *2 (W.D.Va. Nov. 18, 2010), *aff'd per curiam sub nom. Rutledge v. Roach*, No. 10-2310, 2011 WL 755622 (4th Cir. Mar. 4, 2011). The Supreme Court has also noted that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

III.  Analysis

a.  Service

As an initial matter, Plaintiff contends that he has not received Defendant's 12(b)(6) Motion and Brief in Support. In fact, Plaintiff insists he is not in receipt of any of Defendant's filings. Pl.'s Opp. Br., p. 1. Defendant, though, has certified that all of its submissions have been served on Plaintiff.

The Court has received Defendant's motions and briefs in a timely manner, each accompanied by the requisite certificate of service. Plaintiff has also met all of his deadlines and appears to be well informed about the case. Plaintiff has clearly received every document the Court has sent to him. Moreover, Plaintiff actually admits to receiving at least one of Defendant's

3

filings in his earlier Motion for En Banc Reconsiderations (ECF No. 28).  Because of this, I find Plaintiff's protestations lack credibility.  Further, I have no reason to doubt the veracity of defense counsel—a Special Assistant United States Attorney—who insists he has complied with his service obligations.  Therefore, I conclude that Plaintiff's argument regarding Defendant's alleged failure to serve is without merit.

b.  Jurisdiction

"Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994).  Plaintiff bears the burden of establishing jurisdiction. *Id.*  "[B]efore a party can seek juridical review of an agency determination under FOIA, administrative remedies must have been exhausted." *Dettman v. United States Dep't of Justice*, 802 F.2d 1472, 1476–77 (D.C. Cir. 1986). Agencies are only obligated to comply with requests made "with sufficient particularity to ensure the searches are not unreasonably burdensome, and [which] enable the searching agency to determine precisely what records are being requested." *Bailey v. Callahan*, No. 3:09MC10, 2010 WL 924251, *4 (E.D. Va. March 11, 2010) (citing *Am. Fed'n of Gov't Employees, Local 2782 v. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990)).

In *Carroll I*, the Court observed that "Plaintiff alleges that he has requested urgently-needed documents from the defendant 'nearly for two years,' but he does not specify the nature of the documents sought, the dates when he made his requests, or the grounds on which his requests were denied." *Carroll I*, 1:08CV01200 at 2.  The Court in *Carroll I* also noted that Plaintiff failed to allege that the records he sought were located anywhere in the Eastern District of Virginia.  *Id.*  Based on these failures, the Court concluded that Plaintiff failed to establish jurisdiction in his FOIA case.  *Id.*

The only relevant difference in Plaintiff's Complaint in this case and Plaintiff's Complaint

4

in *Carroll I* is that presently Plaintiff does allege that he made his FOIA request "on or about Sept. 2005." Compl. "FACTS" ¶ 1. This lone amendment is not enough to overcome the deficiencies that the Eastern District observed. I have no way of determining the nature of the documents sought, the grounds on which his requests were denied, or whether the requested documents are within the Western District of Virginia. As such, Plaintiff has not met his burden of establishing jurisdiction.

## IV.  Conclusion

Because I find that Plaintiff's argument regarding Defendant's alleged failure to provide proper service is without merit, and because I find that Plaintiff has not established jurisdiction, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is hereby **GRANTED**. All other motions are hereby **DISMISSED AS MOOT**.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record. The clerk is further directed to dismiss this case from the docket of the Court.

Entered this 22nd day of August, 2011.

s/Jackson L. Kiser<br>
Senior United States District Judge